## No. 6271.

### LAWRENCE F. BARRETT VS. CITY OF NEW ORLEANS.

The action of the Common Council of the city of New Orleans receiving and accepting the report of one of the city administrators, that he had employed a certain person for a certain month, at a stated compensation, will not bind the city for a longer period than that month.

A discharged employee who lets five months elapse after his dismissal without making any complaint, and spends several of those months in foreign lands, is estopped from claiming compensation for that time.

Clerkships established by authority of the corporate authorities of New Orleans, prior to the 29th of December, 1874, were abolished by the reorganization, under the ordinance passed that day.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J.*

*Geo. L. Bright* for plaintiff and appellant.
*Sam. P. Blanc,* assistant city attorney, for defendant.

---

Geo. L. Bright, for plaintiff and appellant, contended:

That under the acts No. 7 of 1870, and No. 48 of 1871, a clerk is to be recommended for appointment by the administrator, and the appointment made by the Council, and he can only be removed by the Council. The Council makes the appointment and the removal. There is no power in the administrator to appoint or remove. That plaintiff was employed and not removed by the Council.

Sam. P. Blanc, assistant city attorney, contra, contended:

That plaintiff was not employed by the Council, and that the action of the Council was not necessary to his discharge. That he did not

hold position by any legal tenure; but on the contrary was subject to be dismissed at the pleasure of the administrator under whom he served.

The opinion of the court was delivered by      •

SPENCER, J.   Plaintiff claims to have been appointed on 24th November, 1874, a clerk in the Department of Public Accounts, "to examine judgments and matters in litigation," at a salary of $150 per month. He alleges that having been so appointed, he could be removed only by a majority vote of the Council.   That the Administrator of Public Accounts discharged him 1st December, 1874, without the authority of the Council; and, therefore, that he has never been discharged, and is entitled to be paid for one year from 1st December, 1874, at $1800 per annum.   The answer is, that plaintiff was not appointed by the Council, but by the administrator, and during his pleasure; that plaintiff made no objection to his discharge for several months, and was absent from the city for a long time after his discharge, and did not offer to discharge the duties of office.

The only evidence of any appointment of plaintiff that we find is as follows :   On 24th November, 1874, the Administrator of Accounts, Mr. Calhoun, reports to the mayor, etc., "that the following officers and clerks are employed in this department for the month of November, 1874;   *      *      *      L. F. Barrett, examining judgments and matters in litigation, $150."            *           *           *           *

This report was "received and accepted" on 24th November, 1874, by the mayor and Council.

A new city government coming in, the new administrator, Brown, notified plaintiff that he was discharged December 1st, 1874.   About May, 1875, Barrett says he informed Brown that he was ready for work and would claim his salary.   He admits that during this year he was absent in Europe three months.

On 29th December, 1874, the Council as directed by the city charter proceeded by ordinance to reorganize the several departments and fix the number, pay, and duties of clerks to be appointed.   Among those of the Department of Accounts, there was to be "one legal process and general clerk at $1000 per year."

Under this state of facts, we think plaintiff fails to show a right of recovery.

First—The report of Calhoun only shows his employment *for the month of November*.   We do not see how the Council's *receiving and accepting* that report can be construed into a permanent appointment.   It might well have approved such an act of the administrator for the month of November, without thereby committing itself to a permanent.

appointment of such a clerk. If Barrett was not appointed by the Council for the year, its authority was not necessary to his dismissal.

Second—If there ever was established by authority of the Council a clerkship "for examining judgments and matters in litigation," at a salary of $1800 (of which there is no proof), the reorganization under ordinance of 29th December, 1874, abolished it.

Third—Plaintiff let five months elapse before complaining, and spent several months in Europe. With what show of right can he claim $150 per month for this time?

The judgment below rejected his demand. It is correct, and is affirmed with costs.